IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICIA L. CLEEK, ) | |
| ) | |
| Plaintiff ) | |
| v. ) | Case No. CIV-07-78-C |
| ) | |
| THE STATE OF OKLAHOMA, ex rel., ) | |
| BOARD OF REGENTS FOR THE ) | |
| OKLAHOMA AGRICULTURAL AND ) | |
| MECHANICAL COLLEGES, a state ) | |
| agency, ) | |
| ) | |
| Defendant ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff was employed by Defendant as an Administrative Assistant II. In this position, Plaintiff supplied clerical and administrative support duties for the Center for Outreach Programs at Langston University. On July 21, 2006, Plaintiff submitted a letter of resignation asserting that she could no longer work due to the sexually discriminatory treatment and hostile environment she faced. Plaintiff later explained in her deposition that she actually meant she worked in a racially discriminatory environment and that was the reason for her resignation. Plaintiff's EEOC charge, filed on June 7, 2006, identified race as the type of discrimination. Plaintiff filed the present action asserting she was discriminated against due to her race and ultimately constructively discharged from her employment. According to Plaintiff, she was paid substantially less than other similarly situated employees who were of a different race. Plaintiff also complains that when her department moved to a new building, she was placed in the reception area rather than being

given a private office. Defendant denies Plaintiff's claims of discrimination and/or constructive discharge and argues the undisputed facts entitle it to judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed

in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## **DISCUSSION**

Because Plaintiff offers only indirect or circumstantial evidence of discrimination, analysis of her case must proceed under the familiar McDonnell Douglas,[1] burden-shifting analysis.  Under that process, Plaintiff must demonstrate the existence of a prima facie case; if she does, Defendant must then come forward with a non-discriminatory reason for the alleged improper act(s).  If Defendant satisfies its burden, Plaintiff must then demonstrate Defendant's reason was a pretext to hide the true discriminatory purpose behind the act(s).

To establish a prima facie case of wrongful termination based on racial discrimination, Plaintiff must show "(1) [s]he belongs to a protected class; (2) [s]he was qualified for the job; (3) despite [her] qualifications, [s]he was discharged; and (4) the job was not eliminated after [her] discharge."  Baca v. Sklar, 398 F.3d 1210, 1216 (10th Cir. 2005) (citing Perry v. Woodward, 199 F.3d 1126, 1138 (10th Cir. 1999)).  Plaintiff faces two obstacles in satisfying her burden of establishing a prima facie case.  First, because Plaintiff is not a member of a minority, she must show that Defendant is the unusual employer who discriminates against the majority.  Notari v. Denver Water Dep't, 971 F.2d 585, 588 (10th Cir. 1992).  In Notari, the Circuit explained that to make such a showing Plaintiff must "in lieu of showing that [s]he belongs to a protected group, establish background circumstances that support an

---

[1] McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

3

inference that the defendant is one of those unusual employers who discriminates against the majority." Id. at 589. Here, Plaintiff makes no such showing. Rather, she merely offers the unsupported conclusory allegation that "Langston would admit that Cleek has established an inference that Langston is one of those unusual employers who discriminates against the majority." Dkt. No. 33, p 15. Nowhere does Plaintiff offer evidence to make the showing required by Notari. Indeed, the evidence submitted by Plaintiff reveals that Defendant employed a number of non-minority employees. Compare Reynolds v. Sch. Dist. No. 1, Denver, Colo., 69 F.3d 1523 (10th Cir. 1995) (proof that plaintiff was only white employee in department adequate under circumstances of that case to establish defendant as unusual employer). Thus, Plaintiff is not entitled to the presumptions which typically accompany a plaintiff who establishes a prima facie case. However, Plaintiff's claim may still survive.

> [A] [reverse discrimination] plaintiff may establish a prima facie case of disparate treatment under Title VII "by direct evidence of discrimination or by indirect evidence whose cumulative probative force, apart from the presumption's operation, would suffice under the controlling standard to support as a reasonable probability the inference that but for plaintiff's race he would have been promoted."

Notari, 971 F.2d at 590 (quoting Holmes v. Bevilacqua, 794 F.2d 142, 146 (4th Cir. 1986) (en banc). The Tenth Circuit has made clear the burdens that Plaintiff faces to proceed further:

> it is not enough, under this alternative formulation, for a plaintiff merely to allege that [s]he was qualified and that someone with different characteristics was the beneficiary of the challenged employment decision. Instead, the plaintiff must allege and produce evidence to support specific facts that are sufficient to support a reasonable inference that but for plaintiff's status the challenged decision would not have occurred.

Id. Plaintiff has failed to come forward with any specific facts sufficient to support a reasonable inference that but for Plaintiff's status the decisions regarding her pay and/or her office space would have been different. Thus, she has failed to satisfy the first element of the prima facie case.

Plaintiff's attempt to establish a prima facie case fails for a second reason. Plaintiff was not discharged but quit. Although Plaintiff argues that she was constructively discharged, the Tenth Circuit has noted a Plaintiff arguing constructive discharge[2] has a substantial hurdle to overcome to establish such a claim, as she must show that a reasonable person in her position would have had no other choice but to quit. Garrett v. Hewlett-Packard Co., 305 F.3d 1210, 1221 (10th Cir. 2002). Here, Plaintiff offers little evidence demonstrating that her working conditions met this standard. Plaintiff points to the alteration of an employment evaluation; however, she offers no evidence or argument that the alteration was done with a discriminatory motive. The supervisor testified that he altered the evaluation because when he applied his standards for evaluating Plaintiff's performance, the rankings given by her immediate supervisor were incorrect. Plaintiff offers no evidence or argument to rebut this explanation. Plaintiff also points to her arguments regarding pay disparity and assignment of office space as racially discriminatory acts so intolerable that a reasonable person in her position would have felt compelled to resign. However, Plaintiff

---

[2] Constructive discharge occurs when "the employer by its illegal discriminatory acts has made working conditions so difficult that a reasonable person in the employee's position would feel compelled to resign." Derr v. Gulf Oil Corp., 796 F.2d 340, 344 (10th Cir. 1986).

has again failed to offer any indication the actions taken in regard to these issues stemmed from racial animus. Simply put, Plaintiff has failed to offer evidence from which a reasonable jury could find that a reasonable person in her situation would have had no choice but to quit her employment. Thus, in an additional way, Plaintiff has failed to establish a prima facie case.

Even had Plaintiff established that Defendant was an "unusual employer," or the existence of specific evidence establishing a reasonable inference of discrimination and that she was constructively discharged, Plaintiff's claims would still fail. As noted above, once Plaintiff establishes a prima facie case, the burden shifts to Defendant to offer a legitimate non-discriminatory reason for the action. Defendant asserts that Plaintiff was paid less because she held a different job classification, did not have the longevity, and/or did not have a degree and thus is situated differently than those employees to whom Plaintiff compares herself. Regarding Plaintiff's office situation, Defendant asserts that this claim is time-barred and in any event was made based on the needs of the employer and not as a means to discriminate against Plaintiff.

Turning to the pay issue first, Plaintiff identifies several employees whom she asserts were similarly situated to her yet were paid substantially more. However, upon examination the evidence offered by Plaintiff fails to support her position. Of the employees listed on the charts submitted by Plaintiff (Dkt. No. 33, Exh. 14 &15) only two held the same job title as Plaintiff. One of those had a bachelor's degree, a factor Defendant asserts plays a role in setting pay. While the other employee did not have a degree, Plaintiff offers no evidence to

demonstrate her slightly higher pay was not due to longevity with Defendant. Other than baldly asserting the other employees were in the same grade on Defendant's pay plan, Plaintiff offers no evidence to refute Defendant's asserted non-discriminatory reasons for the pay difference. Plaintiff has not offered any testimony or other evidence that the higher paid employees did not perform their jobs at a higher level of performance or that they had skills which made them more valuable as employees. Indeed, Plaintiff is in precisely the same position as the plaintiff in Amro v. Boeing Co., 232 F.3d 790 (10th Cir. 2000). Analyzing the evidence presented by plaintiff in that case, the Circuit stated:

> After carefully reviewing the record, we agree with the district court that "although [Mr. Amro] has identified others who allegedly are similarly situated engineers, he has not provided any evidence of their performance, training, education or skills. [Mr. Amro's] own opinion that his performance is excellent does not raise a fact question as to how his performance compares to others." Amro, 65 F.Supp.2d at 1186; *see also* Jones v. Denver Post Corp., 203 F.3d 748, 754 (10th Cir. 2000) ("'It is the manager's perception of the employee's performance that is relevant, not plaintiff's subjective evaluation of his own relative performance.'") (quoting Furr v. Seagate Tech., Inc., 82 F.3d 980, 988 (10th Cir. 1996)). In essence, Mr. Amro alleges "[t]he simple fact that [he] did not receive as high a raise as [he] feels he is worth." Murphy v. Yellow Freight Sys., Inc., 832 F.Supp. 1543, 1550 (N.D. Ga. 1993). That is insufficient.

Amro, 232 F.3d at 798 (footnote omitted). Even more compelling is Plaintiff's lack of evidence demonstrating her pay was the result of racial discrimination. "Title VII does *not* make unexplained differences in treatment per se illegal nor does it make inconsistent or irrational employment practices illegal. It prohibits only intentional discrimination *based upon* an employee's protected class characteristics." E.E.O.C. v. Flasher Co., Inc., 986 F.2d

1312, 1319 (10th Cir. 1992).[3] In short, Plaintiff's attempt to demonstrate Defendant's non-discriminatory reason is mere pretext fails as it is supported by nothing more than Plaintiff's conclusory allegations. Salguero v. City of Clovis, 366 F.3d 1168, 1178 (10th Cir. 2004) ("[C]onclusory allegations–lacking evidentiary support in the record–do not suffice to create a genuine question as to whether the City's work-related reasons for Salguero's termination were a pretext for discrimination.").

Plaintiff also complains that when the department in which she worked was moved to a new building, she was not given an office because of her race. In response, Defendant asserts Plaintiff's claim is time-barred as it occurred more than 300 days before she filed her EEOC charge. In addition, Defendant states that the assignment of workspace was based on the needs of the department and the job duties of the employees. Defendant's argument regarding the time bar is well taken. It is undisputed that Plaintiff was moved to the new building in May of 2005. It is also undisputed that Plaintiff did not file an EEOC charge until June 7, 2006. Thus, more than 300 days passed between the discriminatory act and the filing of Plaintiff's charge. Plaintiff's claim is therefore barred. See 42 U.S.C. § 2000e; National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002) ("We conclude that a Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts must file his charge within the appropriate time period–180 or 300 days–set forth in 42 U.S.C. § 2000e-5(e)(1)."). Plaintiff may, however, rely on the move as background evidence in

---

[3] Although some of the reasoning in Flasher has been questioned, the requirement to show racial discrimination as the reason behind alleged adverse action remains good law.

support of her pay discrimination claim. Id. at 113. However, as with the alleged pay disparity, Plaintiff has failed to offer any evidence demonstrating the assignment of office space was based on racial factors. Thus, even when combined, Plaintiff's two alleged discriminatory acts fail to demonstrate Defendant's proffered reasons are pretextual.

## CONCLUSION

As set forth more fully herein, even when the facts are viewed in the light most favorable to Plaintiff, it is clear that no reasonable jury could find Plaintiff was subjected to racial discrimination. Accordingly, Defendant's Motion for Summary Judgment (Dkt. No. 27) is GRANTED. A separate judgment will issue.

IT IS SO ORDERED this 16th day of October, 2007.

ROBIN J. CAUTHRON
United States District Judge